IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS WOUKOP YOMI | * | |
|     Plaintiff | * | |
| v. | * | No.: BPG-21-2709 |
| LOUIS DEJOY | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Currently pending before the court are defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment ("defendant's Motion") (ECF No. 24), plaintiff's Response to Defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment (plaintiff's Response") (ECF No. 34), plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 35), defendant's Reply in Support of Defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment, and Response in Opposition to Plaintiff's Motion for Summary Judgment ("defendant's Opposition") (ECF No. 41), and plaintiff's Reply to Doc. 41 Defendant's Response to Plaintiff's Summary Judgment and its Reply to My Response to Its Motions to Dismiss or for Summary Judgment ("plaintiff's Reply") (ECF No. 42).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6.  For the reasons discussed herein, defendant's Motion to Dismiss (ECF No. 24) is granted and plaintiff's Motion for Summary Judgment (ECF No. 35) is denied.

**I.      BACKGROUND**

In evaluating a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a court accepts all well-pled facts as true and construes these facts in

the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).  Plaintiff, Francis Yomi, identifies himself as an African America, Black, native of Cameroon.  (ECF No. 24-1 at 1 (EEO Complaint)).  Plaintiff alleges that, in 2017, during a period of "massive hiring" at the United States Postal Service ("USPS"), he was discriminated against when he was not hired for the position of Assistant Rural Carrier ("ARC"), despite being qualified for the position.  (ECF No. 1 at 11).  In October 2017, plaintiff had an in-person interview with the Agency's "selecting official," Lori Kriner.  (Id.)  After his interview, Ms. Kriner contacted plaintiff and asked if he could explain why, when, and from where he had been terminated.  (Id.)  Plaintiff responded, in part, that he had been terminated from his position at another federal agency when he complained about an unfair performance review and was forced to resign.  (Id.)  The next day, Ms. Kriner informed plaintiff that he was recommended, but not ultimately selected, for the ARC position.  (Id.)

On May 22, 2018, plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), containing claims of discrimination nearly identical to those now before the court.  (ECF No. 1-1).  A right to sue letter was issued by the EEOC on October 5, 2021.  (Id.)  Plaintiff filed his Complaint in this court on October 20, 2021.  (ECF No. 1).  Plaintiff alleges that defendant, Louis DeJoy, in his official capacity as United States Postmaster General, discriminated and retaliated against him upon the basis of race, color, and national origin, and prior participation in protected activity, in connection with his application for employment with the USPS.  (Id. at 1, 5, 11).   Specifically, plaintiff asserts two counts in his complaint: (1) discrimination on the grounds of race, color, and national origin, and (2) reprisal for participation in protected activity, namely, his objection to a mid-year performance evaluation at a prior place of employment.  (Id. at 5).

2

**II.     DISCUSSION**

Defendant moves to dismiss both Counts of plaintiff's Complaint pursuant to Rule 12(b)(6). (ECF No. 24 at 1). Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Id. at 244. Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In reviewing a motion to dismiss based upon the complaint of a pro se plaintiff, however, the court construes the pleadings liberally. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The court's obligation to liberally construe pro se pleadings is even greater "if the pro se plaintiff raises civil rights issues." Id. (citing Brown v. N.C. Dep't of Corr., 612 F.2d 720, 722 (4th Cir. 2010). In this case, defendant argues that plaintiff failed to state a claim for race-based

discrimination and retaliation under Title VII because he failed to (1) include in the factual allegations of his Complaint the protected class to which he belongs (i.e., his race, color, and national origin), and (2) identify any protected activity in which he was engaged. (ECF No. 24 at 8-11).

Defendant moves to dismiss Count I of plaintiff's Complaint, which alleges a claim of discrimination on the basis of race, color, and national origin, arguing that plaintiff failed to plead facts sufficient to state a prima facie claim of race-based discrimination. (Id. at 9-10). Specifically, defendant contends that plaintiff omitted from the Complaint any facts related to his race, color, or national origin, and, therefore, did not identify the protected class to which he belongs. (Id. at 10). A plaintiff who alleges Title VII employment discrimination bears the burden of proving his claim by a preponderance of the evidence. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 267 (4th Cir. 2005). In general, this burden can be met in one of two ways: plaintiff can (1) offer direct or indirect evidence of discrimination under "'ordinary principles of proof,'" or (2) follow the McDonnell Douglass burden-shifting approach, which places the initial burden to present a prima facie case of racial discrimination on the plaintiff. Abram v. Aerotek, Inc., No. ELH-20-756, 2020 WL 5653210, *8-*9 (D. Md. Sep. 23, 2020) (quoting Burns v. AAF-McQuay, Inc., 96 F.3d 728, 731 (4th Cir. 1996), McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The Fourth Circuit has indicated, however, that a plaintiff "need not plead facts sufficient to establish a prima facie case of race-based discrimination to survive a motion to dismiss." Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017). Instead, "the pleading standard established in Iqbal and Twombly applies," and the inquiry at the motion to dismiss stage is whether plaintiff has stated a plausible claim upon which relief can be granted. Id. Thus, while plaintiff need not state facts amounting to a prima facie case, his Complaint should support a

"reasonable inference" that "(1) he is a member of a protected class; (2) he applied for the position; (3) he was qualified for the position; and (4) his application was rejected 'under circumstances that give rise to an inference of unlawful discrimination.'" Byers v. Alamance City, 633 F. App'x 135, 136 (4th Cir. 2016) (quoting Anderson, 406 F.3d at 268).

Defendant contends that plaintiff's claim fails to address the first element of a prima facie case because plaintiff's Complaint contains no factual allegations identifying him as a member of a protected class. (ECF No. 24 at 10). Plaintiff's racial discrimination claims relies, essentially, on plaintiff having checked the boxes "race," "color," and "national origin" when prompted to identify the grounds on which defendant discriminated against him. (ECF No. 1 at 5). Although the form complaint used by plaintiff indicates that plaintiff should "check all that apply and explain," plaintiff did not identify to which race, color, or national origin groups he belongs. (Id.) (emphasis added). Plaintiff additionally provides a single sentence as factual support for his allegation, which reads as follows:

> Based on: Race, and/or color, and/or national origin, the Selecting Official Ms. Kriner Lori did not select me on November 1st, 2017, during the massive hiring for the Assistant Rural Carrier (ARC) job or position at the U.S.P.S. in the Frederick areas.

(Id. at 11). Contrary to defendant's assertions, plaintiff's selection of the boxes next to race, color, and national origin sufficiently alleges that defendant discriminated against plaintiff and the protected classes to which plaintiff belongs. The court also rejects defendant's claim that plaintiff's Complaint is "devoid of any allegations that would even remotely [ ] suggest that the Agency was aware of any of such protected characteristics." (ECF No. 24 at 10). It is reasonable to infer from plaintiff's Complaint that he interacted with Ms. Kriner face-to-face during the in-person interview, and that Ms. Kriner would have been aware of plaintiff's race at the time plaintiff was not selected for a position. Additionally, the Complaint identifies the position for which

plaintiff applied, that defendant was engaged in a "massive hiring" campaign in the Frederick area, the communications and interactions he had with Ms. Kriner, who is at least one of the relevant decisionmakers, and that he was likely qualified for the position, given that he was "recommended," but not ultimately "selected" for the position. (ECF No. 1 at 11). Further, plaintiff identifies, although briefly, that defendant selected another applicant who "did not answer to [sic] the required questions, and [ ] should not have been selected[.]" (Id.)

The court concludes that the allegations in plaintiff's Complaint permit the reasonable inference that plaintiff has adequately alleged the first three elements of a prima facie case—he belongs to a protected class, applied for the position, and was likely qualified for the position. Plaintiff alleges no factual basis, however, to support the fourth element of a prima facie case— that his application was rejected under circumstances giving rise to an inference of unlawful discrimination. The Complaint states only that plaintiff did not believe he was ever given the "real reason" for his non-selection, and that, if the reason provided (i.e., that he had been fired from two previous jobs, including one job with a different federal agency) was true, Ms. Kriner "should not have asked [him] after [his] job interview . . . to explain why [he] was fired, since she should just have not selected [him] without even asking [him] why [he] was fired." (Id.) The Complaint provides no facts to support the conclusion that defendant's decision not to hire plaintiff was based on race, color, or national origin. Further, the facts alleged by plaintiff do not permit the reasonable inference that he was not hired because of his membership in a protected class. Consequently, plaintiff has not alleged a plausible claim of race-based discrimination, and the court "cannot ignore a clear failure to allege facts that support a viable claim," even where a pro se plaintiff is involved. Coulibaly v. Morgan Chase Bank, N.A., DKC-10-3517, 2011 WL 3476994, *6 (D. Md. Aug. 8, 2011). Accordingly, defendant's Motion to Dismiss Count I is granted.

Defendant moves to dismiss Count II of plaintiff's Complaint, which alleges a claim of retaliation for participation in protected activity, arguing that plaintiff was not engaged in protected activity, and did not plead facts sufficient to generate a reasonable inference that defendant's failure to hire him was a form of retaliation. (ECF No. 24 at 10). A plaintiff who alleges reprisal for participation in a protected activity must show that (1) he was engaged in a protected activity; (2) the employer took an adverse action against plaintiff; and (3) there is a causal link between the protected activity and the adverse employment action. Mackall v. Colvin, No. ELH-12-1153, 2015 WL 412922, *22 (D. Md. Jan. 29, 2015) (citing Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 210 (4th Cir. 2014)). Defendant asserts that plaintiff has failed to adequately allege that he was engaged in a protected activity. (ECF No. 24 at 10). "Protected activity" for purposes of a retaliation claim "can take the form of either opposing a practice prohibited under Title VII," (i.e., the "opposition clause") or "making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII," (i.e., the "participation clause"). Pitter v. Community Imaging Partners, Inc., 735 F. Supp. 2d 379, 395 (D. Md. 2010). "An employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace." Staggers v. Becerra, No. ELH-21-231, 2021 WL 5989212, at 20 (D. Md. Dec. 17, 2021) (citation omitted).

Plaintiff alleges that he experienced unlawful retaliation "when after [his] job interview, Ms. Kriner asked [him] around [October 30, 2017] to explain why [he] lost [his] previous job with another Federal Agency, and [he] said it was because [he] opposed to [sic] a protected activity or an employment practice, when [he] complained in 2015 about the bad and unfair Mid-Year Evaluation of [his] performance in that other Federal Agency, and the management of that other

7

Agency retaliated against [him], and discharged [him] by asking [him] to resign." (ECF No. 1 at 11).

As to the first element, plaintiff does not allege that he participated in any manner in an investigation under Title VII after he was "forced to resign." Consequently, for plaintiff to sufficiently allege any protected activity, it must arise under the opposition clause. Id. "[F]or an employee's activity to constitute protected 'opposition', [he] must show that (1) [he] reasonably believed that the employment action [he] opposed constituted a Title VII violation, and (2) that [his] conduct in opposition was reasonable." Staggers, 2021 WL 5989212, at *20 (quoting Netter v. Barnes, 908 F.3d 932, 937-38 (4th Cir. 2018)). While the "opposition clause has been held to encompass informal protests, such as voicing complaints to employers or using an employer's grievance procedure," plaintiff's opposition must be targeted at alleged discriminatory activities. Id. Plaintiff alleges insufficient facts for the court to infer that the basis of his objections to the Mid-Year Evaluation were related to a violation of Title VII. Indeed, the Complaint is devoid of facts identifying why plaintiff believed the Mid-Year Evaluation was "bad and unfair." Plaintiff has not alleged that his objections to his performance review arose from alleged violation of Title VII, a fact essential to plaintiff's ability to allege that he was engaged in a protected activity. In the absence of any allegations suggesting that plaintiff's opposition was to a discriminatory act of his employer, plaintiff has failed to allege that he was engaged in a protected activity.[1]

Even if plaintiff had stated facts demonstrating an informal opposition to practices prohibited by Title VII, plaintiff has not alleged facts to support the third element of a retaliation claim, a causal link between defendant's failure to hire plaintiff and the alleged protected activity.

---

[1] The court assumes, for purposes of defendant's Motion, that the second element (i.e., adverse employment action) is satisfied by defendant's failure to hire plaintiff. See Raley v. Board of St. Mary's Cnty. Comm'rs., 752 F. Supp. 1272, 1281 (D. Md 1990) ("[F]ailure to hire can be an adverse employment action.").

"Retaliation claims . . . require the employee to show that retaliation was a but-for cause of a challenged adverse employment action," Guessous v. Fairview Property Investments, LCC, 828 F.3d 208, 217 (4th Cir. 2016), and that "temporal proximity [exists] between the alleged retaliation and the protected activity." Clark Cty. Sch. Dist. V. Breeden, 532 U.S. 268, 273-74 (per curiam). Plaintiff's Complaint merely alleges that Ms. Kriner should have not asked for additional clarification regarding the circumstances of his prior terminations, but rather should have just not hired him. (ECF No. 1 at 11). Plaintiff suggests that because defendant failed to hire plaintiff only after he told defendant about his objection, his objection must have been the cause of his non-selection. Plaintiff fails, however, to allege any facts building the connection between his response to Ms. Kriner's question and defendant's decision not to hire him. In sum, plaintiff's Complaint fails to allege that plaintiff was engaged in a protected activity or that there is a causal connection between his activity and defendant's decision not to hire him. Because plaintiff has failed to state a plausible claim of retaliation, defendant's Motion to Dismiss Count II is granted.[2]

### III. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss is granted (ECF No. 24). Plaintiff shall be afforded the opportunity to amend his Complaint. Plaintiff's amended complaint should include all of plaintiff's allegations against defendant, and remedy the deficiencies identified in this Memorandum Opinion. If plaintiff fails to file an amended complaint by March 21, 2023, the court will direct the Clerk to close the case. Plaintiff's Motion (ECF No. 35) is denied. A separate order will follow.

Date: March 1, 2023                                /s/
                                                                     Beth P. Gesner
                                                                     Chief United States Magistrate Judge

---

[2] In light of the court's dismissal of plaintiff's Complaint, defendant's alternative Motion for Summary Judgment and plaintiff's Motion for Summary Judgment (ECF No. 35) are denied as moot.