## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FRANCIS WOUKOP YOMI                    *

    Plaintiff                          *

    v.                                 *          No.: BPG-21-2709

LOUIS DEJOY                            *

    Defendant                          *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### MEMORANDUM OPINION AND ORDER

Currently pending before the court is plaintiff's Motion for Review [of] Judge Gesner's Order of Doc. 43 and 44.  (ECF No. 48).  On March 1, 2023, the court granted defendant's Motion to Dismiss, and directed plaintiff to file an Amended Complaint.  (ECF Nos. 43, 44).  On March 15, 2023, plaintiff filed a Motion for Review [of] Judge Gesner's Order of Doc. 43 and 44, arguing that the court (1) failed to address all of plaintiff's arguments, (2) applied the wrong standard to defendant's Motion to Dismiss, and (3) erred by not granting summary judgment.  (ECF No. 48).  No hearing is necessary.  Loc. R. 105.6.  For the reasons stated below, defendants' Motion (ECF No. 48) is denied.

This court's Local Rules permit the filing of a motion for reconsideration within fourteen days of the issuance of the order that is the subject of the motion.  Loc. R. 105.10.  There are three recognized grounds justifying the grant of a motion for reconsideration: (1) an intervening change in controlling law; (2) the need to present newly discovered evidence; and (3) the need to correct manifest errors of law.  Potter v. Potter, 199 F.R.D. 550, 552 n.1, 553 (D.Md.2001).  "'Such problems, [however], rarely arise and the motion to reconsider should be equally rare.'"  Id. at 553 (quoting Above the Belt, Inc. v. Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)).  It is

improper to use such a motion to "ask the Court to rethink what the Court has already thought through—rightly or wrongly.'" Id.

To the extent plaintiff's Motion seeks reconsideration of the court's decision granting defendant's Motion to Dismiss, it is denied because plaintiff has failed to articulate any manifest error of law on the part of the court.  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (1998).  Plaintiff has failed to satisfy any of the three grounds justifying the grant of a Motion for Reconsideration.  First, there has been no intervening change in controlling law since this court's Memorandum Opinion and Order dated March 1, 2023.  (ECF Nos. 43, 44).  Second, no new evidence has come to light in the time since the court issued its decision.  Third, plaintiff must demonstrate that the court committed a clear error of law.  Plaintiff has failed to do so.

Plaintiff first argues that he is entitled to default judgment because defendant failed to timely file a response to his Complaint, and the court erred by failing to address this argument and grant default judgment.  (ECF No. 48 at 1).  This court's Local Rules provide that a document may be filed electronically.  Loc. R. 102.1(d).  Notice of electronic filing constitutes a certificate of service as to all parties to whom electronic notice is sent.  Loc. R. 102.1(c).  On May 9, 2022, defendant electronically filed his Motion to Dismiss.  (ECF No. 24).  Electronic notice was sent to plaintiff.  Pursuant to this court's local rules, the notice of electronic filing constitutes a certificate of service to all parties to whom the electronic notice is sent, including plaintiff.  Accordingly, plaintiff received timely notice of defendant's Motion to Dismiss, and plaintiff is not entitled to default judgment.

Second, plaintiff contends that the court erred by failing to apply the proper standard in consideration of defendant's Motion to Dismiss. (ECF No. 48 at 1-5). Specifically, plaintiff argues that the court erred in considering the elements of a prima facie case. (Id. at 1). Contrary to plaintiff's assertion, the court acknowledged that plaintiff need not establish a prima facie case to survive a Motion to Dismiss, but rather must state a plausible claim upon which relief can be granted. Yomi, 2023 WL 2306961, at *2. Reference to "the elements of a prima facie claim are helpful in analyzing the plausibility of the claim as alleged." Lowman v. Maryland Aviation Admin., No. JKB-18-1146, 2019 WL 133267, at *5 (D. Md. Jan. 8, 2019) (citation omitted). The court applied the appropriate standard to its consideration of defendant's Motion to Dismiss, and plaintiff has failed to demonstrate any manifest error in the court's application of the standard.

Third, plaintiff argues that the court should have considered the parties' summary judgment motions and decided the case. (ECF No. 48 at 5). The court declined to convert defendant's Motion to Dismiss to a Motion for Summary Judgment, and denied plaintiff's Motion for Summary Judgment because material facts remain in dispute. (ECF No. 43). The court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion [to one for summary judgment], or to reject it or simply not consider it." Strothers v. City of Laurel, Maryland, 118 F. Supp. 3d 852, 860 (internal quotations and citation omitted) This court has repeatedly recognized that "mere disagreement with the [c]ourt's previous decision will not suffice." June v. Thomasson, No. GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016). Accordingly, plaintiff has failed to demonstrate any manifest error in the court's decision, and plaintiff's Motion (ECF No. 48), if taken as a Motion for Reconsideration, is denied.

To the extent that plaintiff's Motion is intended to be an appeal of this court's decision, rather than a Motion for Reconsideration, that Motion is premature.  In accordance with 28 U.S.C. 636(c), the parties voluntarily consented to proceed before a Magistrate Judge, with direct review by the Fourth Circuit Court of Appeals, in the event an appeal is filed.  (ECF No. 14).  Plaintiff's Motion, or any other appeal of the court's interlocutory order, is premature.  See 28 U.S.C. § 1292 (2018); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949) ("Title 28 U.S.C. s 1291 . . . provides, as did its predecessors, for appeal only 'from all final decisions of the district courts,' except when direct appeal to this Court is provided.").  In granting defendant's Motion to Dismiss, the court dismissed plaintiff's complaint without prejudice, and allowed plaintiff leave to amend his Complaint.  (ECF No. 44).  Plaintiff has until April 3, 2023 to file his Amended Complaint.[1]  The court provided plaintiff with guidance on how best to address the deficiencies of his Complaint in its Memorandum Opinion.  (ECF No. 43).  If plaintiff chooses to pursue this case, plaintiff should file an Amended Complaint containing all of the factual allegations known to him that would support each of the Counts of his Complaint by April 3, 2023.  For the foregoing reasons, plaintiff's Motion for Review Judge Gesner's Order of Doc. 43 and 44 (ECF No. 48) is DENIED.

Date: March 21, 2023

/s/_____
Beth P. Gesner
Chief United States Magistrate Judge

---

[1] The court notes that the original date by which plaintiff was to amend his Complaint was extended from March 21, 2023 to April 3, 2023 in the court's Order denying plaintiff's Renewed Motion to be Appointed a Counsel and denying plaintiff's Motion to Stay.  (ECF No. 47).