IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS WOUKOP YOMI,<br>    *Plaintiff*,<br><br>v.<br><br>LOUIS DEJOY,<br>    *Defendant* | Civil Action No. ABA-21-2709 |

**MEMORANDUM OPINION**

Plaintiff, Francis Yomi, proceeding *pro se*, filed this action challenging the United States Postal Service's ("USPS's") decision to reject his application for employment in 2017, contending the rejection was because of unlawful discrimination and/or retaliation. ECF No. 51 ("Am. Compl."). He brought this action against Louis DeJoy, in Mr. DeJoy's official capacity as United States Postmaster General ("Defendant"). Pending before the Court are Defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment (ECF No. 60), and Mr. Yomi's Motion for Entry of Default (ECF No. 65).[1] The issues are fully briefed, and no hearing is necessary. L.R. 105.6. For the reasons stated below, Defendant's motion to dismiss Mr. Yomi's amended complaint (ECF No. 60) is granted (in part with prejudice, in part without prejudice) and Mr. Yomi's Motion for Entry of Default (ECF No. 65) is denied.

**I.    BACKGROUND**

Mr. Yomi, after having been fired by the Food and Drug Administration ("FDA") in 2015, applied in 2017 for employment with USPS as an Assistant Rural Carrier. Am. Compl. at

---

[1] Mr. Yomi also filed a "MOTION to know why Magistrate Judge Gesner is no longer handling this case." ECF No. 72. The case has been reassigned because Judge Gesner retired as of August 31, 2023.

1.[2] After a multi-stage review process, USPS did not select Mr. Yomi for employment. *Id.* at 2-3. Mr. Yomi filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") on May 22, 2018, which alleged that USPS, in declining to hire him, had discriminated against him on the basis of race, color and national origin (Mr. Yomi is from Cameroon), and had retaliated against him for prior protected activity during his employment at FDA. *See* ECF No. 1-1.

The EEOC administrative law judge assigned to the case granted summary judgment to USPS, holding that Mr. Yomi had not established a prima facie case of retaliation, and that USPS had articulated a legitimate, nondiscriminatory reason for not hiring Mr. Yomi. ECF No. 60-5 (Administrative Judge decision, Dec. 11, 2020). Mr. Yomi appealed that decision, and the EEOC issued its decision affirming USPS's final order implementing the administrative law judge's decision in April 2021, and stated Mr. Yomi's right to seek reconsideration or to file a civil action. *See Trevor S. v. DeJoy*, EEOC Appeal No. 2021002438 (April 22, 2021), *available at* https://www.eeoc.gov/sites/default/files/decisions/2021_08_31/2021002438.pdf.[3] Mr. Yomi sought reconsideration, which the EEOC denied in October 2021, explaining that Mr. Yomi had no further right of administrative appeal, but that he had a right to file a civil action within ninety days. *See Trevor S. v. DeJoy*, EEOC Appeal No. 2021002438 (Oct. 5, 2021), *available at* https://www.eeoc.gov/sites/default/files/decisions/2021_11_01/2021003418.pdf.

---

[2] At this stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

[3] Mr. Yomi originally proceeded before the EEOC under a pseudonym, Trevor S. He filed this case under his actual name, and accordingly the Court refers to him as Mr. Yomi, but the EEOC file refers to him as Trevor S.

About two weeks later, Mr. Yomi initiated the instant case, filing a handwritten *pro se* complaint. ECF No. 1. After signing and filing consent to receive notices electronically, ECF No. 4, Mr. Yomi supplemented the complaint with a typewritten addendum. ECF No. 6. In the two-count complaint, Mr. Yomi repeats the allegations that he submitted to the EEOC: USPS unlawfully (1) discriminated against him by denying his employment application on grounds of race, color, and/or national origin (the "discrimination claim") and (2) retaliated for his participation in what he contends was protected activity during his *prior* employment at FDA (the "retaliation claim"); specifically, Mr. Yomi asserts that his alleged opposition to discrimination as an FDA employee formed at least part of the basis for USPS's decision not to hire him. *Id* at 1; ECF No. 1 at 7-8.

In May 2022, Mr. DeJoy filed a Motion to Dismiss for Failure to State a Claim, or, In the Alternative, for Summary Judgment. ECF 24. This Court (Judge Gesner) granted that motion in March 2023, explaining that Mr. Yomi's allegations satisfy only three of the four elements required to establish a prima facie Title VII discrimination claim. ECF 43 at 6; *Yomi v. DeJoy*, No. BPG-21-2709, 2023 WL 2306961, at *3 (D. Md. Mar. 1, 2023) ("*Yomi I*"). The Court dismissed Mr. Yomi's discrimination claim for failing to allege facts sufficient to show "that his application was rejected under circumstances giving rise to an inference of unlawful discrimination." *Yomi I*, 2023 WL 2306961, at *3. Judge Gesner explained as follows:

> The Complaint states only that plaintiff did not believe he was ever given the "real reason" for his non-selection, and that, if the reason provided (i.e., that he had been fired from two previous jobs, including one job with a different federal agency) was true, [Post Master Lori Kriner, the selecting official] "should not have asked [him] after [his] job interview . . . to explain why [he] was fired, since she should just have not selected [him] without even asking [him] why [he] was fired." (*Id*.) The Complaint provides no facts to support the conclusion that defendant's decision not to hire plaintiff

3

was based on race, color, or national origin. Further, the facts alleged by plaintiff do not permit the reasonable inference that he was not hired because of his membership in a protected class. Consequently, plaintiff has not alleged a plausible claim of race-based discrimination, and the court "cannot ignore a clear failure to allege facts that support a viable claim," even where a pro se plaintiff is involved. *Coulibaly v. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL 3476994, *6 (D. Md. Aug. 8, 2011). Accordingly, defendant's Motion to Dismiss Count I is granted.

*Id*.

As for Mr. Yomi's retaliation claim, Judge Gesner granted Defendant's motion to dismiss because Mr. Yomi had failed to allege facts sufficient to show that he had been engaged in a protected activity, i.e., that he had been acting to oppose conduct prohibited under Title VII or participating in an investigation, proceeding, or hearing under Title VII. *Id.* at *4. Judge Gesner explained in detail why Mr. Yomi's retaliation claim fell short, for failure to allege a "protected activity":

> Plaintiff alleges that he experienced unlawful retaliation "when after [his] job interview, Ms. Kriner asked [him] around [October 30, 2017] to explain why [he] lost [his] previous job with another Federal Agency, and [he] said it was because [he] opposed to [sic] a protected activity or an employment practice, when [he] complained in 2015 about the bad and unfair Mid-Year Evaluation of [his] performance in that other Federal Agency, and the management of that other Agency retaliated against [him], and discharged [him] by asking [him] to resign." (ECF No. 1 at 11).
>
> As to the first element, plaintiff does not allege that he participated in any manner in an investigation under Title VII after he was "forced to resign." Consequently, for plaintiff to sufficiently allege any protected activity, it must arise under the opposition clause. *Id*. "[F]or an employee's activity to constitute protected 'opposition', [he] must show that (1) [he] reasonably believed that the employment action [he] opposed constituted a Title VII violation, and (2) that [his] conduct in opposition was reasonable." *Staggers* [*v. Becerra*, No. CV ELH-21-0231, 2021 WL 5989212, at *20 (D.

> Md. Dec. 17, 2021)] (quoting *Netter v. Barnes*, 908 F.3d 932, 937-38 (4th Cir. 2018)). While the "opposition clause has been held to encompass informal protests, such as voicing complaints to employers or using an employer's grievance procedure," *plaintiff's opposition must be targeted at alleged discriminatory activities. Id.* Plaintiff alleges insufficient facts for the court to infer that the basis of his objections to the Mid-Year Evaluation were related to a violation of Title VII. Indeed, the Complaint is devoid of facts identifying why plaintiff believed the Mid-Year Evaluation was "bad and unfair." Plaintiff has not alleged that his objections to his performance review arose from alleged violation of Title VII, a fact essential to plaintiff's ability to allege that he was engaged in a protected activity. *In the absence of any allegations suggesting that plaintiff's opposition was to a discriminatory act of his employer, plaintiff has failed to allege that he was engaged in a protected activity.*

*Id.* (emphases added).

Although the Court granted Defendant's motion to dismiss as to both of Mr. Yomi's claims, it dismissed the claims without prejudice, affording Mr. Yomi leave to amend his complaint as to both claims. *Id.* at *5.

Mr. Yomi's amended complaint again challenges the lawfulness of USPS's decision to deny his employment application. Because Defendant has moved to dismiss the amended complaint for failure to state a claim, and because Mr. Yomi does not seek reconsideration of Judge Gesner's prior rulings—which would face the heightened burden imposed on such motions, *see, e.g.*, *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (explaining that a motion for reconsideration "is an extraordinary remedy that should be applied sparingly," and only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice")—the Court now focuses on the ways Mr. Yomi has amended his complaint, in an attempt to cure the deficiencies Judge Gesner identified. The

question presented now is whether the additional allegations convert his claim from non-cognizable to a claim for relief that is facially plausible.

In support of his discrimination claim, Mr. Yomi added the underlined language below in the section alleging facts:

> Based on race, and/or on color, and/or on national origin, the selecting official Ms. Kriner Lori did not select me on November 1st 2017 <u>whereas she admitted during the EEOC Investigation that I met all the requirements for qualification, and also admitted that no applicant was more qualified than me</u> during the massive hiring for the Assistant Rural Carrier (ARC) job or position at the U.S.P.S. in the Frederick areas, but selected Caucasian, White, and/or native of the U.S.A. applicant/s <u>whose [*sic*] she knew had unresolved or unrecognized or unreconciled responses on their/her employment application/s, and wrongfully and intentionally did not select me by saying that it was because I said I was fired in previous job/s, whereas Defendant's rule or policy or regulation stipulated that if a job applicant was fired in previous job/s, the firing would not prevent him/her from being hired (see EEOC Report of Investigation (ROI) on page 00192)</u>.

Am. Compl. at 1.

As to his retaliation claim, Mr. Yomi added the following:

> Defendant or Ms. Kriner did not select me by retaliation maybe because she thought that I can be a litigious employee if Defendant hires me, which means someone who may file complaint against this Defendant if it does wrong to me. The protected activity here is the fact that I communicated discrimination to Ms. Kriner, which is in fact my communication of retaliation that I believe the members of the management of that other Federal Agency did when they forced me to resign after I complained about the unfair Mid-Year Evaluation, despite the fact that I successfully passed the PIP [performance improvement plan]. Ms. Kriner, thus, Defendant here violating the EEOC rule or law or regulation or policy that stipulates that a job applicant or employee is protected from retaliation if s/he communicates discrimination with an employer.

*Id*. at 1-2.

    Mr. Yomi also added as follows:

> Retaliation is part of discrimination. The proof of it comes directly from the form that this District Court of Maryland has set or made available to any and all Plaintiff of employment discrimination, seen on page 8 of Doc. 1, especially when it is asked what are the discriminatory conducts of which I complain in this action", and I checked the boxes for failure to hire, and especially the box relating to "retaliation". Thus, it is clear that I communicated retaliation (thus, discrimination) to Ms. Kriner on October 31, 2017 when answering to the supplemental questions she asked me, and she retaliated at her turn against me and did not select me just a few hours later, the next day on November 1st, 2017 (but less than 24 hours after I responded to her supplemental questions), maybe because she thought that I can be a litigious employee if Defendant hires me, which means someone who may file complaint against this Defendant if it does wrong to me. Anyway, Ms. Kriner clearly retaliated against me when I let her know that my supervisor in my previous Government job wr[o]te an unfair Mid-Year evaluation of my performance in 2015, and that former Federal Agency retaliated against me and discharged me from employment after I complained about it to the upper management. It is clear that I communicated discrimination to Ms. Kriner, and it is clear that she also retaliated against me when she did not select me the very next day, thus, immediately. Another proof of this is when she said to the EEOC Investigator that she did not select me because I said in my application that I was fired in my previous job/s, which in fact means that she should not have to ask me again later on 10/31/2017 to explain why I was fired, but she should have just not hired me out right, without asking me to explain why. The fact that she asked me why, and that I responded to it, proves that it was my response to her questions that made her or Defendant not to select me, but not the fact that I said before in my application that I was fired from previous job/s. Thus, it is clear that it is because I communicated discrimination (retaliation) to her that she did not select me, violating the EEOC rule or law or regulation or policy that stipulates that a job applicant or employee is protected from retaliation if s/he communicates discrimination with an employer, as seen in Doc. 34-

1 on page 2 of 33, and on page 3 of 33.

*Id*. at 4.

The Court granted a series of requests by Mr. DeJoy for extensions of time to respond to the amended complaint. ECF Nos. 53, 56, 59. On June 12, 2023, Mr. DeJoy filed the now-pending motion to dismiss Mr. Yomi's amended complaint. ECF No. 60.

## II.     ANALYSIS

### A.     The Motion to Dismiss for Failure to State a Claim

The issue before the Court is whether Mr. Yomi's *new* allegations—the ones stated for the first time in the amended complaint and set forth above—are sufficient to state a plausible claim of discrimination or unlawful retaliation.

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but the plaintiff must allege more than labels and conclusions. *Id.* Where, as here, a plaintiff is proceeding *pro se*, his pleading must be held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts liberally construe *pro se* pleadings to allow for the development of a potentially meritorious claim. *See id*. The obligation to liberally construe *pro se* pleadings is particularly important "if the pro se plaintiff raises civil rights issues." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *Brown v. N.C. Dep't of Corr.*, 612 F.2d 720, 722 (4th Cir. 2010)). But the principles requiring generous construction of *pro se* complaints are not without limits; courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The first count of the amended complaint alleges a claim of discrimination on the basis of race, color, and national origin. Am. Compl. at 1. To plead a *prima facie* case of discrimination and survive dismissal, the complaint must plead facts allowing the reasonable inference that "(1) [Mr. Yomi] is a member of a protected group; (2) [he] applied for the position in question; (3) [he] was qualified for that position; and (4) defendant[] rejected [his] application under circumstances that give rise to an inference of unlawful discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). The second count alleges retaliation for participation in a protected activity. Am. Compl. at 1-2. Mr. Yomi's retaliation claim may only survive if it pleads plausible allegations that, if accepted as true, demonstrate (1) he was engaged in a "protected activity"; (2) USPS took an adverse action against him; and (3) the protected activity was a "'but-for' cause" of the adverse action and "not simply a 'motivating factor.'" *Walker v. Mod-U-Kraf Homes*, LLC, 775 F.3d 202, 210 (4th Cir. 2014) (citation omitted).

Here, Mr. Yomi has done little to overcome the defects of the complaint as identified by the Court in its prior opinion. *See* ECF 43. Rather than adding factual allegations of disparate treatment based on one of his protected traits or his opposition to a violation of Title VII, or explaining how the existing allegations support either of his claims, Mr. Yomi has doubled down on his earlier contentions. Indeed, Mr. Yomi himself acknowledges that the amended complaint "is practically what I said in Doc. 6," presenting few, if any, new factual allegations. Am. Compl. at 1. The additional material mostly consists of allegations repeated in no greater detail than elsewhere in the amended complaint, including the selection of another, less qualified applicant; Mr. Yomi's disclosure about his prior terminations to hiring agents; and Mr. Yomi's belief that he was not chosen based on his opposition to a previous employer's "unfair"

performance review. By rehashing these allegations and providing little else, Mr. Yomi has not cured any of the deficiencies that were present in the original complaint. As before, he fails to allege facts that would permit the reasonable inference that USPS rejected his application because of his race, color, or national origin. Accordingly, his discrimination claim will be dismissed—this time with prejudice. *See, e.g.*, *Roginsky v. Blake*, 131 F. Supp. 2d 715, 719 (D. Md. 2000) (after having given *pro se* plaintiff an opportunity to amend, dismissing with prejudice following plaintiff's failure to cure previously identified deficiencies).

Turning to the retaliation claim, Mr. Yomi has done slightly more to attempt to cure the deficiencies—but still not enough to state a claim for retaliation on which relief can be granted. Section 704(a) of Title VII prohibits an employer from taking an adverse action against any employee "because he has opposed any practice made an unlawful employment practice by this subchapter" (known as the opposition clause), or "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter" (known as the participation clause). 42 U.S.C. § 2000e–3(a). Here, Mr. Yomi proceeds solely under an opposition-based theory of retaliation. *See Yomi I*, 2023 WL 2306961, at *4. As noted above, Mr. Yomi's retaliation claim boils down to alleging that (1) he was engaged in protected activity during his prior employment at FDA; (2) he informed USPS during the application process of that alleged protected activity at FDA; and (3) USPS declined to hire him because he had engaged in protected activity at FDA.

As Judge Gesner explained in dismissing Mr. Yomi's original retaliation claim, "Plaintiff has not alleged that his objections to his performance review [at FDA] arose from alleged violation of Title VII, a fact essential to plaintiff's ability to allege that he was engaged in a protected activity." *Id.* Mr. Yomi's contended engagement in protected activity was originally

limited to his claim that at FDA he had "complained in 2015 about the bad and unfair Mid-Year Evaluation." *Id.* (quoting Mr. Yomi's original complaint, ECF No. 1 at 11). But having complained that a poor evaluation was "unfair" does not, without more, constitute having engaged in protected activity; rather, as Judge Gesner explained, his alleged complaint to FDA about his evaluation would have had to allege (if true) that FDA had discriminated against him because of, in this case, Mr. Yomi's race (Black) or his national origin (Cameroonian). *See, e.g., Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122-23 (4th Cir. 2021) (explaining legal framework for Title VII retaliation claims).

Judge Gesner laid out the fundamental failure of Mr. Yomi's original retaliation claim: "In the absence of any allegations suggesting that plaintiff's opposition [at FDA] was to a discriminatory act of his employer, plaintiff has failed to allege that he was engaged in a protected activity." *Yomi I*, 2023 WL 2306961, at *4. For the most part, Mr. Yomi's amended complaint still does not suggest that at FDA he believed, *and contended to his superiors there*, that FDA had given him a poor mid-year evaluation *because of his race or national origin*. Instead, he alleges in conclusory fashion that his mid-year evaluation was "improper" and "unfair." Am. Compl. at 1. But unlike in his original complaint, Mr. Yomi goes one step further, and alleges that when he applied to USPS for a job, he "communicated discrimination" to the hiring official, Ms. Kriner. *Id.* at 2. He does not explain what he means by that, or what he actually alleged to FDA (or what he contended to USPS about what he had said to FDA about his evaluation), or when, or to whom—let alone allege concrete facts suggesting that USPS declined to hire him *because* he made express complaints of discrimination to FDA (which he then conveyed to USPS). In other words, the allegation that he "communicated discrimination" to USPS's Ms. Kriner is purely conclusory, and "the court need not accept legal conclusions

couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682, 689 (D. Md. 2004), *aff'd*, 120 F. App'x 465 (4th Cir. 2005) (citations and internal quotation marks omitted).

The core purpose of protecting an employee from retaliation is "to deter not status-based discrimination, but employer retribution that chills employee opposition to discrimination." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 216 (4th Cir. 2022). And "it follows that any action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination' will constitute retaliation under Title VII. *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Mr. Yomi's bare, conclusory allegation of having "communicated discrimination" to Ms. Kriner, however, does not suffice to state a claim for retaliation. The absence of new information to support reprisal by USPS following his engagement in a protected activity at FDA—his sole theory of actionable retaliation—renders his retaliation claim no more cognizable than it was before. His retaliation claim, therefore, will again be dismissed.

That, however, leaves the question whether the dismissal of Mr. Yomi's retaliation claim should be with or without prejudice. Mr. Yomi's amended complaint was the first time he alleged that he had "communicated discrimination" to USPS. Because the Amended Complaint for the first time states, albeit conclusively, an alleged protected activity that prompted an alleged reprisal, the retaliation claim is again dismissed without prejudice. *See Adams v. Sw. Virginia Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("[I]f a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations.") (citing *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam)). The Court is sympathetic to the challenges *pro se* litigants may encounter in pursuit of the fair administration of

justice. But Mr. Yomi's *pro se* status neither absolves him of his burdens as a plaintiff to the action, nor permits the Court to rescue his inadequately pled claims. If Mr. Yomi believes he can cure the deficiencies in his retaliation claim, explained herein, then he may refile, but in doing so is admonished to truthfully provide factual allegations clarifying (1) any alleged complaints he asserted to FDA, including whether he claimed to his supervisors or others at FDA that he believed FDA was discriminating against him; (2) what he contends he told Ms. Kriner at USPS about such complaints asserted to FDA; and (3) any facts he contends creates a causal connection between his alleged protected activity at FDA with USPS's decision not to hire him. Another failure to cure this pleading deficiency will result in dismissal with prejudice. *See McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) ("While a potentially meritorious claim . . . should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless.") (internal citations omitted), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).[5]

---

[5] The express language of Title VII does not address whether refusing to hire someone based in part on that person having engaged in a protected activity with a *prior* employer constitutes actionable retaliation, and neither party here has brought such a case to the Court's attention. Courts confronting this issue under comparable state laws have reached mixed results. *Compare, e.g., Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, 404 P.3d 504, 512 (Wash. 2017) ("[I]t would make little sense to hold that the legislature intentionally undercut its own purposes in enacting [the Washington Law Against Discrimination] by adopting an antiretaliation provision that allows employers to compile an unofficial 'do not hire' list of individuals who have previously opposed discrimination against themselves and others."), *with Yardley v. Hosp. Housekeeping Sys., LLC*, 470 S.W.3d 800, 807 (Tenn. 2015) (holding that Tennessee Workers' Compensation Act does not authorize claims for retaliatory failure to hire). *See also Yardley*, 470 S.W.3d at 806 (citing state statutes "expressly allowing claims for retaliatory failure to hire"). Should Mr. Yomi choose to re-file, the parties will need to address whether he has a cognizable statutory cause of action for retaliatory refusal to hire under Title VII.

### B. The Motion for Entry of Default

In addition to opposing Defendant's motion to dismiss, Mr. Yomi filed a motion for default, on the theory that Defendant's motion to dismiss was not timely filed. The final filing deadline for this motion was June 12, 2023. *See* ECF No. 59. Defendant did file his motion to dismiss on that deadline, and did so electronically. ECF No. 24. Mr. Yomi's complaint is that Defendant did not *mail* that motion until the next day, June 13. ECF No. 65-1 at 1. But Mr. Yomi waived his right to receive service by mail in October 2021, and consented to receive notice by electronic filing. ECF No. 4. And both the docket and certificate of service reflect that electronic notice was sent to Mr. Yomi. In any event, default is available only against a defendant who "has failed to plead or otherwise defend" against a claim. Fed. R. 55(a). Mr. Yomi's motion for default will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 60) is granted. Mr. Yomi's discrimination claim is dismissed with prejudice; his retaliation claim is dismissed without prejudice. Plaintiff's motion for default is denied, and his motion regarding the reassignment of this case upon Judge Gesner's retirement is denied as moot (*see* n.1, *supra*). A separate order follows.

Date: December 8, 2023  /s/
Adam B. Abelson
United States Magistrate Judge