IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS WOUKOP YOMI,<br>    *Plaintiff*,<br><br>v.<br><br>LOUIS DEJOY,<br>    *Defendant* | Civil Action No. ABA-21-2709 |

**MEMORANDUM OPINION**

In December 2023, the Court entered a Memorandum Opinion and Order dismissing the above-captioned case. *See Yomi v. Dejoy*, Case No. 21-cv-2709, 2023 WL 8529124 (D. Md. Dec. 8, 2023) ("*Yomi II*") (ECF Nos. 75, 76). That followed an earlier opinion by Judge Gesner granting an earlier motion to dismiss. *Yomi v. Dejoy*, Case No. 21-cv-2709, 2023 WL 2306961 (D. Md. March 1, 2023) ("*Yomi I*") (ECF Nos. 43, 44). Plaintiff Francis Yomi, who is self-represented, timely filed a motion for reconsideration of this Court's decision in *Yomi II*. *See* ECF No. 77 ("Mot."). The Court has reviewed Mr. Yomi's written brief in support of his motion, *see id.*, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Mr. Yomi's motion will be denied.

**I.    DISCUSSION**

As an initial matter, to the extent Mr. Yomi intended his motion to be an appeal to a District Judge, there is no such appeal. The parties voluntarily consented to have their case adjudicated by a Magistrate Judge, pursuant to 28 U.S.C. 636(c), with direct review by the Court of Appeals for the Fourth Circuit, should an appeal be filed. *See* ECF No. 14.

Insofar as Mr. Yomi seeks to alter, amend, or vacate the Court's judgment in *Yomi II*, he has not provided an appropriate basis for the Court to do so. This Court's Local Rules permit

litigants to file a motion to reconsider an order within fourteen days of its entry. *See* Local Rule 105.10 (D. Md. 2023). Courts treat motions filed pursuant to this rule similarly to those filed under Federal Rule of Civil Procedure 59(e). *See*, *e.g.*, *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022). Motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Reconsideration is generally only appropriate (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct manifest errors of law. *Potter v. Potter*, 199 F.R.D. 550, 552 n.1, 553 (D. Md. 2001).

Here, Mr. Yomi does not suggest that any of these narrow grounds for reconsideration are met. He fails to identify any intervening changes in the law or offer newly available evidence. Nor does he show that the Court made a manifest error of law. His supporting brief is devoted to restating arguments asserted in prior filings and articulating his general dissatisfaction with the Court's ruling. But his motion for reconsideration "may not be used merely to reiterate arguments previously rejected by the court." *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F. Supp. 3d 504, 507 (D. Md. 2015). Nor is his "mere disagreement" with the Court's decision enough to support his motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Mr. Yomi's contentions seem to derive from confusion as to the basis for the Court's judgment and the legal requirements for stating a claim for retaliation. But on two separate occasions, the Court has provided guidance on the defects in Mr. Yomi's complaints, explaining that, under the controlling legal standard, the factual allegations do not state claims on which relief can be granted, and in each instance, given him leave to amend his complaint. *See* ECF

Nos. 43 (*Yomi I*), 75 (*Yomi II*). Even after the Court twice outlined the elements of his claims, Mr. Yomi has yet to allege facts that meet the legal standard, as opposed to conclusions. Rather, he has used procedural mechanisms designed for making corrections and clarifications as opportunities to either rehash previously rejected arguments or express his disagreement with the Court's analysis. In his motion for reconsideration, he again resorts to this pattern.

In particular, Mr. Yomi seems to be under the misunderstanding that, to state a claim for retaliation against his potential employer, the United States Postal Service ("USPS"), the Court required factual allegations sufficient to state a claim for discrimination against his former employer, the Food and Drug Administration ("FDA"). *See, e.g.*, Mot. at 10-11. To reiterate, that was not the Court's holding. The core deficiency in Mr. Yomi's amended retaliation claim is his failure to allege specific facts that he communicated to USPS that, as an employee of the FDA, he had been engaged in conduct that amounted to protected activity *as defined by* 42 U.S.C. § 2000e–3(a). Merely stating that he "communicated discrimination" to Lori Kriner, the selecting official at USPS, *see* ECF No. 51 at 2, 3, 4, is conclusory. And despite his insistence to the contrary, *see* Mot. at 10, nothing he has disclosed about the circumstances of his discharge from FDA constitutes protected activity *within the meaning of the statute*. Moreover, even if the Court could reasonably infer from the provided allegations that he told USPS about his engagement in a protected activity at FDA, Mr. Yomi has not explained what the alleged protected activity was, other than in a vague, general, and conclusory (and thus non-cognizable) way. The Court has not converted the motion to dismiss to one for summary judgment, as Mr. Yomi suggests. Rather, without such *alleged* facts the amended complaint does not provide any basis to conclude that the complaint states a claim for retaliation by USPS on which relief can be granted.

In short, although the Court laid out in detail a roadmap for Mr. Yomi to attempt to cure

the deficiencies that rendered his amended complaint non-cognizable if such facts exist, *see Yomi II*, 2023 WL 8529124, at *7, he has failed to attempt to do so. And he has not provided a reason to reconsider the previous rulings in either *Yomi I* or *Yomi II*. His motion for reconsideration will be denied.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Review by the District Judge, of Magistrate Judge Adam Abelson's grant (Doc. 75) of Defendant's second motion to dismiss and on Plaintiff's motion for default, ECF No. 77, is DENIED. A separate order follows.

Date: March 12, 2024                                                            /s/
                                                                        Adam B. Abelson
                                                                        United States Magistrate Judge